```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: February 20, 2013
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THOMAS A. HENDERSON,                              :
                                                  :
                              Plaintiff,          :      10 Civ. 2182 (PAC) (HBP)
                                                  :
              - against -                         :      **ORDER ADOPTING REPORT**
                                                  :      **AND RECOMMENDATION**
BRIAN FISCHER, in his capacity as                 :
Commissioner of New York DOCS, et al.,            :
                                                  :
                              Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 22, 2010, pro se plaintiff Thomas A. Henderson ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Brian Fischer and Anthony J. Annucci, the current Commissioner and Executive Deputy Commissioner of the New York State Department of Correctional Services ("DOCS"),[1] respectively, Glenn S. Goord, a former DOCS Commissioner, and Lucien J. LeClaire, Jr., a former acting DOCS Commissioner (collectively "Defendants"). (ECF No. 4.) Plaintiff challenges the administrative imposition and enforcement of post-release supervision ("PRS") by the named DOCS officials, when PRS was not imposed by the sentencing judge.

On May 3, 2011, Defendants moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 20.) On January 18, 2012, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("R&R") that Defendants' motion to dismiss be granted. (ECF No. 28.) Plaintiff was granted an extension to

---

[1] On April 1, 2011, the New York State Department of Correctional Services and Division of Parole merged into one agency entitled the New York State Department of Corrections and Community Supervision, referred to as "DOCCS." Because all of the events relevant to this case occurred prior to the merger, the Court will refer to this agency as DOCS. See Kotler v. Fischer, No. 9:09-cv-01443 (MAD) (ATB), 2012 WL 929823, at *1 n.1 (N.D.N.Y. Mar. 19, 2012).

1

the time period to file objections (see ECF No. 30), but no objections were received. For the reasons stated below, the Court adopts the R&R and GRANTS Defendants' motion to dismiss.

## BACKGROUND

**A.     Facts**[2]

In 2000, Plaintiff was convicted of assault in the second degree, upon a guilty plea, by the County Court, Criminal Term, for the County of Rensselaer, New York, and was sentenced to a determinate term of imprisonment of two and one-half years. The court did not impose a term of PRS to follow the determinate sentence, though such a term was mandated by New York Penal Law Section 70.45. Plaintiff alleges that PRS was not pronounced orally as a part of his sentence and that, subsequently, DOCS administratively imposed a three year sentence of PRS, of which Plaintiff was made aware at some point during his incarceration.

Plaintiff alleges further that he was released from custody on June 11, 2002, after serving six-sevenths of his determinate sentence, and that he began to serve a period of PRS. On August 13, 2002, Plaintiff was arrested for assault. Following his arrest, Plaintiff identified himself as his brother, Robert D.J. Henderson, and signed a fingerprint card with that name. Plaintiff was subsequently indicted and charged with two counts of forgery. Plaintiff was also charged with multiple violations of his PRS and sentenced to a 36-month prison term for those violations following an October 2002 parole hearing. Plaintiff was incarcerated pursuant to the sentence for his PRS violation until he was convicted of forgery and then sentenced, on January 9, 2004, to concurrent indeterminate terms of three and one-half to seven years, with the remainder of his sentence for the PRS violations allegedly added to his forgery sentence. On September 22, 2004, Plaintiff pleaded guilty to attempted promoting of prison contraband and attempted assault, and

---

[2] All facts are taken from the R&R unless otherwise noted.

was sentenced on October 27, 2004, to an indeterminate term of two to four years on each count, to run concurrently.

On June 6, 2008, DOCS, in a letter from Defendant Annucci, informed the Rensselaer County Court that on April 29, 2008, the New York Court of Appeals had held that administrative imposition of PRS was illegal, and asked the court to resentence Plaintiff if necessary.  (Exhibit C to Pl.'s Aff. Opp'n Defs.' Mot. Dismiss ("Opp'n Aff.," ECF No. 27.)  In light of this development, on August 12, 2008, Henderson was resentenced to two and one-half years imprisonment on the 2000 assault charges, but without PRS.  Plaintiff alleges that while the remainder of the time he was to serve for the PRS violations had been added to his January 2004 sentences, following his 2008 resentencing he was not credited with the time he spent in custody for violating the administratively imposed PRS.  Plaintiff remains incarcerated, though it is unclear for which conviction, nor is it clear how his maximum expiration date was calculated.

Plaintiff alleges that following his 2008 resentencing, he raised the issue of his sentence with the parole board, prison staff, and correctional counselors, and unsuccessfully filed and appealed a grievance on the matter.  (Am. Compl. Attach. at 4, ECF No. 4.)  Plaintiff further alleges that he subsequently filed a motion under Section 440.20 of the New York Criminal Procedure Law to set aside one of his 2004 sentences, and that he was resentenced pursuant to this motion on March 4, 2011.  (Pl.'s Mem. Supp. Aff. Opp'n at 3, 4, ECF No. 26.)

**B.     Plaintiff's Claims and Defendants' Motion to Dismiss**

Plaintiff filed this action asserting claims under 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by the administrative imposition and enforcement of PRS, including his incarceration for violation of PRS, and the erroneous calculation of his current sentences, as it does not adequately account for the time he

3

spent incarcerated for the PRS violation. This claim, insofar as it relates to the administrative imposition and enforcement of PRS, can be read "in context with plaintiff's citations" to Earley v. Murray, 451 F.3d 71 (2d Cir. 2006), to be a due process claim. Santiago v. Fischer, No. 09-CV-1383 (DLI) (RML), 2009 WL 3852001, at *4 (E.D.N.Y. Nov. 18, 2009); see also Earley, 451 F.3d at 76 n.1. Plaintiff seeks a declaratory judgment that Defendants violated the law, injunctive relief "to lift all effects of PRS," compensatory and punitive damages, and costs and attorneys' fees. (R&R at 7; Am. Compl. Attach. at 7–8.)

In support of their motion to dismiss, Defendants argue that Plaintiff does not sufficiently allege Defendants' personal involvement in alleged constitutional deprivations (Defs.' Mem. Support Mot. Dismiss at 4–8, ECF No. 21); that Plaintiff fails to state a claim under Section 1983 (id. at 9–12); that Plaintiff's claims for damages are barred due to the favorable termination rule (id. at 13); and that Defendants are entitled to qualified immunity for their actions (id. at 14–26).

### C. Magistrate Judge Pitman's Report and Recommendation

Magistrate Judge Pitman recommended that Defendants' motion be granted. (R&R at 22.) Specifically, Magistrate Judge Pitman recommended that claims against Defendants in their official capacities be dismissed because the state has Eleventh Amendment sovereign immunity (id. at 13); Defendants have qualified immunity in their individual capacities from liability for damages (id. at 19); Plaintiff's claims for injunctive relief to accelerate his release date cannot be pursued through a Section 1983 action (id. at 20); and Plaintiff's request for declaratory relief is unwarranted (id. at 22).

Although granted an extension in which to do so, Plaintiff did not file any objections to the R&R, and thus the Court reviews the R&R for clear error. See Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

## DISCUSSION

I.  **GOVERNING STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  A court need not accept as true, however, "[l]egal conclusions, deductions or opinions couched as factual allegations."  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (quotations omitted).

Pleadings of a pro se plaintiff are held to a less stringent standard and are construed liberally "to raise the strongest arguments that they suggest."  Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quotations omitted).  This liberal construction is particularly applicable to civil rights claims.  See McEachin v. McGuinness, 357 F.3d 197, 200 (2d Cir. 2004).

"To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Snider v. Dylag, 188 F.3d 51, 53 (2d. Cir 1999) (citing Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993)).

## II. DEFENDANTS CANNOT BE SUED FOR DAMAGES IN THEIR OFFICIAL CAPACITIES UNDER 42 U.S.C. § 1983

Magistrate Judge Pitman recommended the dismissal of the damages claims against Defendants Fischer and Annucci in their official capacities. (R&R at 12–13.) Claims for damages against Defendants Fischer and Annucci, in their official capacities, are appropriately treated as claims against the State of New York. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). States are not, however, "persons" for the purpose of seeking damages under 42 U.S.C. § 1983, Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), and therefore, Plaintiff's claims for damages against Defendants Fischer and Annucci in their official capacities are barred by the Eleventh Amendment, Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

There is no clear error in these conclusions or recommendations. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims for damages against Defendants Fischer and Annucci in their official capacities.

## III. DEFENDANTS HAVE QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES

Magistrate Judge Pitman concluded that Second Circuit precedent requires the application of qualified immunity to DOCS officials in their individual capacities regarding their role in the administrative imposition and the continued enforcement of PRS during the relevant time period. (R&R at 15–18 (citing Scott v. Fischer, 616 F.3d 100 (2d Cir. 2010)).) Qualified immunity shields government officials from liability if, while performing discretionary functions, their conduct "did not violate clearly established rights or if it would have been objectively reasonable for the official to believe his conduct did not violate plaintiff's rights." Reuland v. Hynes, 460 F.3d 409, 419 (2d Cir. 2006) (quotations omitted). Under this precedent,

6

Magistrate Judge Pitman recommended the dismissal of Plaintiff's claims for damages against Defendants in their individual capacities. (R&R at 17–19.)

As Magistrate Judge Pitman discussed, the history of the administrative imposition of PRS in New York makes clear why qualified immunity applies here. (R&R at 15–17.) In 1998, New York enacted legislation requiring determinate sentences and mandatory PRS for violent felony offenders. People v. Catu, 825 N.E.2d 1081, 1082 (N.Y. 2005). Many judges did not impose PRS at sentencing; instead, DOCS administratively added PRS to the sentences of, potentially, "tens of thousands of violent felons." State of New York v. Myers, 870 N.Y.S.2d 757, 760 (Sup. Ct. 2008). In June 2006, however, the Second Circuit held the administrative imposition of PRS to be unconstitutional. See Earley, 451 F.3d at 76.

As Magistrate Judge Pitman noted (R&R at 17 n.3), the Second Circuit has held that while it found that the unconstitutionality of administratively imposed PRS was "clearly established" with regard to state court judges in Earley, 451 F.3d at 76, that does not mean its unconstitutionality was likewise "clearly established" in the context of qualified immunity, which governs government officials who are "likely neither lawyers nor legal scholars." Scott, 616 F.3d at 106. Because New York state courts had routinely upheld the administrative imposition of PRS, which was a statutorily required part of sentences for certain crimes, "it was not clearly established for qualified immunity purposes prior to Earley that the administrative imposition of PRS violates the Due Process Clause." Scott, 616 F.3d at 107.[3]

---

[3] To the extent Plaintiff's Complaint is construed as raising such a claim, Defendants also have qualified immunity regarding the fact that Plaintiff's administratively imposed PRS was not reviewed or rescinded until August 2008, more than two years after Earley was decided. The New York Court of Appeals did not reach the issue of remedying administrative impositions of PRS until April 29, 2008, when it clarified that the procedural error involved could be corrected through resentencing. See People v. Sparber, 889 N.E.2d 459 (N.Y. 2008). Additionally, it was not until June 30, 2008, that there was "a statutory method by which government officials could seek to resentence or otherwise handle the cases of inmates who had received administrative imposition of PRS, also thereby imposing an

There is no clear error in Magistrate Judge Pitman's conclusions or recommendations. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims for damages against all Defendants in their individual capacities.

### IV. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE NOT COGNIZABLE UNDER 42 U.S.C. § 1983

Magistrate Judge Pitman found that Plaintiff's claims seeking injunctive relief, if brought at the federal level, must be brought via a habeas corpus petition pursuant to 28 U.S.C. § 2254, and recommended that Plaintiff's complaint be dismissed without prejudice to such a petition. (R&R at 19–20.) The proper route to vindicate claims in the federal courts regarding the duration of confinement is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "A state prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). The proper manner for a prisoner to challenge the duration of his or her confinement, either "*directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody," is habeas or similar state remedies. Id. at 81.[4] As Magistrate Judge Pitman noted,

---

affirmative duty on the part of such officials to do so." Scott, 616 F.3d at 109; see N.Y. Correct. Law § 601-d. The "ambiguity in the law" until the enactment of Section 601-d meant that a duty for affirmative action by DOCS was not "clearly established." Rivers v. Fischer, 390 F. App'x 22, 24 (2d Cir. 2010) (summary order) (holding that qualified immunity for failure to rectify administrative imposition of PRS applied through August 22, 2008); see also Joyner-El-Quwi-Bey v. Russi, 439 F. App'x 36, 37 (2d Cir. 2011) (summary order). As Defendant Annucci sent a letter to the sentencing court regarding the need to resentence Plaintiff on June 6, 2008 (Opp'n Aff. Ex. C), following which Plaintiff was in fact resentenced on August 12, 2008 (Opp'n Aff. Ex. D), no claim against Defendants may be maintained based on the fact that Plaintiff was not resentenced until August 2008.

[4] Because these claims lie at the "core of habeas corpus," Preiser, 411 U.S. at 489, there is also no cause of action under Section 1983 until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

8

federal habeas relief also requires exhaustion of state remedies.[5] (R&R at 20 (citing 28 U.S.C. § 2254(b)(1)(A)).) As such, Magistrate Judge Pittman recommended that Plaintiff's injunctive claims be dismissed.

There is no clear error in Magistrate Judge Pitman's conclusions or recommendations. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims for injunctive relief against Defendants Fischer and Annucci.

## V.    DECLARATORY RELIEF IS UNWARRANTED

Magistrate Judge Pitman found that a grant of declaratory relief is within this Court's discretion, but recommended that in light of the factors guiding the exercise of that discretion, Plaintiff's claim for declaratory relief be dismissed. (R&R at 21–22.) Federal courts may grant declaratory relief under 28 U.S.C. § 2201(a), which confers upon them "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). In exercising this discretion, a court should consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." Duane Reade Inc. v. St. Paul Fire & Marine Ins., 411 F.3d 384, 389 (2d Cir. 2005).

In this case, as Magistrate Judge Pitman concluded, "a declaratory judgment 'would not clarify the legal issues nor offer relief from uncertainty because the defendants are entitled to qualified immunity on all those claims that are plausible,' and viable, on the face of the

---

[5] Plaintiff alleges that he has been resentenced for his January 2004 convictions pursuant to a motion brought under Section 440.20 of the New York Criminal Procedure Law. Plaintiff apparently asserts that the state court found that, due to his resentencing in 2008, his 2000 conviction could no longer serve as a predicate offense for his 2004 sentencing. (Mem. Support Opp'n Aff. at 3, 4.) This Court need not reach the question of whether this alleged resentencing would, under Heck's favorable-termination requirement, create a cause of action under Section 1983. Insofar as Plaintiff still seeks to shorten his sentence, he must pursue that remedy through habeas or corresponding state procedures, and insofar as Plaintiff seeks damages, his claims relate only to actions for which Defendants had qualified immunity, as explained above.

complaint." (R&R at 22 (quoting Henry v. Fischer, No. 10 Civ. 3822 (DLC), 2011 WL 5223600, at *7 (S.D.N.Y. Nov. 1, 2011).) The Court finds no clear error in Magistrate Judge Pitman's conclusion or recommendations. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claim for declaratory relief.

### CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Pitman's Report and Recommendations in full and GRANTS Defendants' motion to dismiss. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
February 20, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:
Thomas Henderson
00-R-4561
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871